# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE, et rel. BARBARA PURNELL,

            Plaintiffs,

vs.

NEVADA DIVISION MORTGAGE LENDING, *et al.*,

            Defendant.

Case No. 2:17-cv-03094-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1)

Before the Court is *pro se* Plaintiffs Stephen Choate and Barbara Purnell's application to proceed *in forma pauperis*. (ECF No. 1). For the reasons stated below, Plaintiffs' application is denied without prejudice.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs by a person who submits an affidavit showing the person is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).

While Choate's affidavit (ECF No. 1) appears to contain the necessary information, there is no affidavit from Barbara Purnell. The Court must receive an affidavit from each party seeking to proceed *in forma pauperis*. Choate, as a non-attorney, has no authority to represent other individuals before the Court. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Both Plaintiffs must submit a financial affidavit, or the complaint must be amended to remove Purnell from this action.

Because the Court denies Plaintiffs' application to proceed *in forma pauperis*, it need not screen Plaintiffs' complaint. However, the Court will note an issue that Plaintiffs must address should they choose to proceed with this action. The complaint states it is both a 42 U.S.C. § 1983 action and a request

for a direct appeal based on a January 12, 2015 civil judgment from the Department of Mortgage Lending. (ECF No. 1-1 at 1-3). Under either theory, it appears this case is time-barred. In Nevada, the applicable statute of limitations for 42 U.S.C. § 1983 claims is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *Abram v. City of Reno*, No. 315-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015). The complaint in this case was filed more than two years after the civil judgment. In addition, it appears that Plaintiffs are appealing a final order of the Commissioner of Mortgage Lending. Under NRS 645B.750(3), these appeals must adhere to the provisions of NRS 233B. NRS 233B.130(2)(d) states that petitions for judicial review must be filed within 30 days after service of the Commissioner's final decision.

ACCORDINGLY,

IT IS ORDERED that Plaintiffs' application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that by February 9, 2018, Plaintiffs must either (1) file Barbara Purnell's application to proceed *in forma pauperis*, (2) file an amended complaint removing Barbara Purnell from the case, or (3) pay the full fee for filing a civil action.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this case be dismissed with prejudice.

IT IS SO ORDERED.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 5th day of January, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE