# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

STEPHEN CHOATE, et rel. BARBARA PURNELL,

         Plaintiffs,

vs.

NEVADA DIVISION MORTGAGE LENDING, *et al.*,

         Defendant.

Case No. 2:17-cv-03094-RFB-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NOS. 1, 5) AND COMPLAINT (ECF NO. 1-1)

Before the Court are *pro se* Plaintiffs Stephen Choate and Barbara Purnell's applications to proceed *in forma pauperis* (ECF Nos. 1, 5) and complaint (ECF No. 1-1). For the reasons stated below, Plaintiffs' *in forma pauperis* applications are granted. The Court, however, orders the Plaintiff's complaint be dismissed without prejudice.

## DISCUSSION

Plaintiffs' filings present two questions: (1) whether Plaintiffs may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiffs' complaint states a plausible claim for relief. Each is discussed below.

### I. Whether Plaintiffs May Proceed *In Forma Pauperis*

Plaintiffs' applications to proceed *in forma pauperis* are granted. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." According to Stephen Choate's affidavit, he is incarcerated, he does not receive money from any outside source, and his inmate balance would not cover the filing fees. (ECF No. 1). Barbara Purnell's affidavit

states that her monthly expenses exceed her monthly income. (ECF No. 5). Plaintiffs' applications to proceed *in forma pauperis* are, therefore, granted.

## II. Whether Plaintiffs' Complaint States a Plausible Claim

Because the Court grants Plaintiffs' applications to proceed *in forma pauperis*, it must review Plaintiffs' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiffs' complaint is difficult to follow. Plaintiffs style the complaint as both a 42 U.S.C. § 1983 civil rights complaint and "a request for direct appeal" from a January 12, 2015 civil judgment instituted by the Nevada Division of Mortgage Lending. (ECF No. 1-1 at 1, 3, 9). Plaintiffs assert the civil judgment violates the double jeopardy clause because the civil case happened at the same time as a criminal case against Choate. (*Id.* at 4-5). Plaintiffs also assert the civil judgment violated their right to free speech because the coexisting civil and criminal cases had a "chilling effect" on Plaintiffs' ability to defend themselves. (*Id.* at 6).

The Court has already noted several issues with the complaint in a previous order denying Plaintiff Choate's application to proceed *in forma pauperis* without prejudice. (ECF No. 4). Plaintiffs did not address these concerns when supplementing their financial affidavits.

Whether styled as an appeal or § 1983 complaint, the case appears to be time-barred. In Nevada, the applicable statute of limitations for 42 U.S.C. § 1983 claims is two years. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *Abram v. City of Reno*, No. 315-cv-00029-MMD-WGC, 2015 WL 5829886, at *3 (D. Nev. Oct. 6, 2015). The statute of limitations may be tolled in certain circumstances. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995); *Seino v. Emp'rs Ins. Co. of Nev.*, 111 P.3d 1107, 1112 (Nev. 2005). The complaint in this case was filed more than two years after the civil judgment was entered. In addition, it appears that Plaintiffs are appealing a final order of the Commissioner of Mortgage Lending. Under NRS 645B.750(3), these appeals must adhere to the provisions of NRS 233B. NRS 233B.130(2)(d) states that petitions for judicial review must be filed within 30 days after service of the Commissioner's final decision.

The complaint also fails to show how the double jeopardy clause is implicated in this action. "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (emphasis in the original). The complaint addresses civil sanctions against Plaintiffs, not multiple criminal sanctions.

Therefore, Plaintiffs' complaint is dismissed without prejudice. Plaintiffs must file an amended complaint (1) explaining how their action is not barred by the § 1983 statute of limitations and time limit in NRS 233B.130(2)(d) and (2) clarifying or removing the double jeopardy claim. The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY,

IT IS ORDERED that Plaintiffs' applications to proceed *in forma pauperis* (ECF Nos. 1, 5) are granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiffs' complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs have until March 14, 2018 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 13th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE