# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE, et rel. BARBARA PURNELL,

    Plaintiffs,

vs.

NEVADA DIVISION MORTGAGE LENDING, *et al.*,

    Defendants.

Case No. 2:17-cv-03094-RFB-VCF

**ORDER**

MOTION TO AMEND COMPLAINT [ECF NO. 8]

    Before the Court is Plaintiffs Stephen Choate and Barbara Purnell's Motion to Amend Complaint. (ECF No. 8). For the reasons stated below, Plaintiffs' motion is denied as moot.

    On February 13, 2018, the Court issued an order granting Plaintiffs' *in forma pauperis* application and dismissing their complaint without prejudice. (ECF No. 6). The Court stated:

> Plaintiffs must file an amended complaint (1) explaining how their action is not barred by the § 1983 statute of limitations and time limit in NRS 233B.130(2)(d) and (2) clarifying or removing the double jeopardy claim. The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

(*Id.* at 3). On March 5, 2018, Plaintiffs filed a motion to amend the complaint, attempting to address the Court's concerns. (ECF No. 8).

    The Court has already directed Plaintiffs to file an amended complaint, so Plaintiffs' motion to amend (ECF No. 8) is moot. The Court finds that allowing Plaintiffs to address issues outside of a complete amended complaint will needlessly complicate the Court's evaluation of Plaintiffs' case. Plaintiffs must state their claims within an amended complaint, not a motion. The Court will not address any new factual assertions or claims raised by Plaintiffs except in an amended complaint that is "complete in itself, including exhibits, without reference to the superseded pleading.'" (ECF No. 6 at 3).

1

In addition, "[e]very pleading, written motion, and other paper must be signed by…a party personally if the party is unrepresented." Plaintiffs' motion was only signed by Choate. (ECF No. 8). Though the Court did not address it in the previous screening order, the complaint was also only signed by Choate. (ECF No. 7). Moving forward, all pleadings, motions, and other papers submitted by Plaintiffs, including the amended complaint, must be signed by both Plaintiffs.

Accordingly, and for good cause shown,

IT IS ORDERED that Plaintiffs' for Motion to Amend Complaint (ECF No. 8) is DENIED as moot.

IT IS FURTHER ORDERED that the deadline for Plaintiffs to file their amended complaint will be extended to April 6, 2018. Plaintiffs are cautioned that the Court will not be inclined to move the deadline again should Plaintiffs respond with other motions rather than an amended complaint.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 6th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE