# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

STEPHEN CHOATE, et rel. BARBARA PURNELL,

          Plaintiffs,

vs.

NEVADA DIVISION MORTGAGE LENDING, *et al.*,

          Defendants.

Case No. 2:17-cv-03094-RFB-VCF

**ORDER**

AMENDED COMPLAINT (ECF NO. 10)

Before the Court is *pro se* Plaintiffs Stephen Choate and Barbara Purnell's Amended Complaint. (ECF No. 10). The Court hereby orders Plaintiffs to submit a second amended complaint to address the issues discussed below.

## DISCUSSION

The Court previously granted Plaintiffs' application to proceed *in forma pauperis*. (ECF No. 6 at 1-2). However, the Court dismissed Plaintiff's complaint because it was "difficult to follow" and seemed to be both a 42 U.S.C. §1983 civil rights complaint and a request for a direct appeal from a state court judgment. (*Id.* at 2-3).

On March 22, 2018, Plaintiffs filed an amended complaint against the Commission of Nevada's Mortgage Lending Division and the Attorney General of Nevada. (ECF No. 10). Plaintiffs allege that a Nevada civil proceeding brought against them simultaneously with a Nevada criminal case brought against Choate violated several constitutional provisions. (*Id.* at 3). In their request for relief, Plaintiffs ask for the Court:

> to rule on Constitutional Amendments violated an[d] "overturn" illegal conviction/judgment in interest of justice as 'injunctive relief," or "toll" or

> set aside civil judgment until Habeas Corpus Petition is decided and/or
> overturns criminal conviction.

(*Id.* at 25). It appears that Choate has already filed a habeas corpus petition regarding the criminal conviction at issue in this case. (*Id.* at 15).

Because the Court granted Plaintiffs' applications to proceed *in forma pauperis*, it must review Plaintiffs' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Though Plaintiffs assert that this is a § 1983 case, Plaintiffs are not seeking relief that can be awarded in a § 1983 action. Plaintiff ask this Court to vacate or overturn a state court civil judgment and a state court criminal conviction. "A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). Federal courts do not have jurisdiction over "'de facto appeals'…in which 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision *by a state court*.'" *Vasquez v. Rackauckas*, 734 F.3d 1025,

1036 (9th Cir. 2013) (quoting *Noel,* 341 F.3d at 1164 (emphasis added)). In addition, "§ 1983 [i]s not the proper vehicle for claims for relief which directly challenge the lawfulness of the plaintiff's conviction." *Hand v. Young*, 868 F. Supp. 289, 291 (D. Nev. 1994). "§ 1983 is not a backdoor through which a federal court may overturn a state court conviction." *Houston v. City of Carson*, No. 3:14-CV-00687-MMD, 2015 WL 5092698, at *4 (D. Nev. Aug. 27, 2015). Choate has already apparently filed a habeas corpus petition to challenge the criminal conviction at issue in this case. (ECF No. 10 at 15).

While Plaintiff's amended complaint is not a proper § 1983 action, it is possible the complaint's deficiencies may be cured by amendments. § 1983 actions can be used to recover damages for constitutional violations under specific conditions. *See Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013); *Heck v. Humphrey*, 512 U.S. 477 (1994). Therefore, the Court will give Plaintiffs the opportunity to amend their complaint. The second amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY,

IT IS ORDERED that Plaintiffs' Amended Complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs have until May 7, 2018 to file a second amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if a second amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the second amended complaint. The Court will issue a screening order on the second amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to orders issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 6th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE