**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| STEPHEN CHOATE, et rel. BARBARA PURNELL,<br><br>　　　　　Plaintiffs,<br>vs.<br><br>NEVADA DIVISION MORTGAGE LENDING, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:17-cv-03094-RFB-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>Second Amended Complaint (ECF No. 12) |

　　　　Before the Court is *pro se* Plaintiffs Stephen Choate and Barbara Purnell's Second Amended Complaint. (ECF No. 12). For the reasons stated below, Plaintiffs' second amended complaint should be dismissed with prejudice.

## Discussion

　　　　The Court previously dismissed Plaintiffs' amended complaint without prejudice because, "[t]hough Plaintiffs assert that this is a § 1983 case, Plaintiffs are not seeking relief that can be awarded in a § 1983 action." (ECF No. 11 at 2). Plaintiffs asked this Court to vacate a state court civil judgment and a state court criminal conviction, but federal courts do not have jurisdiction over de facto appeals of state court decisions. *See Vasquez v. Rackauckas*, 734 F.3d 1025, 1036 (9th Cir. 2013). The Court gave Plaintiffs leave to amend because "§ 1983 actions can be used to recover damages for constitutional violations under specific conditions." (ECF No. 11 at 3).

　　　　On April 23, 2018, Plaintiffs filed a second amended complaint bring § 1983 claims against the Director of the Commission of Nevada's Mortgage Lending Division and the Attorney General of Nevada. (ECF No. 12). Plaintiffs allege that the Director and Attorney General conspired to deprive Plaintiffs of their First Amendment and due process rights by prosecuting a civil and criminal case at the same time

against Plaintiffs. (*Id.* at 3). In their request for relief, Plaintiffs ask for "compensatory and punitive damages and/or injunctive relief to sanction" the Director and Attorney General. (*Id.* at 17).

Because the Court granted Plaintiffs' applications to proceed *in forma pauperis*, it must review Plaintiffs' complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Despite Plaintiffs' amendments to their complaint, Plaintiffs still seek relief that cannot be awarded in a § 1983 action. "A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'" *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)). In addition, "[a]bsolute immunity is extended to agency representatives performing functions analogous to those of a prosecutor." *Himes v. Stephens*, 270 F. App'x 575, 578 (9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 923 (9th Cir. 2004)).

In this case, Plaintiffs seek damages against the Director of the Commission of Nevada's Mortgage Lending Division and the Attorney General of Nevada based on Plaintiffs' prosecutions. (ECF No. 12 at 3). The Director and Attorney General were performing the duties of prosecutors, and are therefore immune from monetary liability for damages under § 1983. In addition, any injunctive relief against the Director or Attorney General would likely impact the validity of the state court proceedings. As discussed in the Court's previous order, "§ 1983 is not a backdoor through which a federal court may overturn a state court conviction." Houston v. City of Carson, No. 3:14-CV-00687-MMD, 2015 WL 5092698, at *4 (D. Nev. Aug. 27, 2015).

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiffs' Second Amended Complaint (ECF No. 12) be DISMISSED WITH PREJUDICE.

**NOTICE**

Pursuant to Local Rules IB 3-1, a party may object to reports and recommendations issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. (*See* LR IB 3-1). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Under LSR 2-2, the Plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. (*See* LSR 2-2).

DATED this 22nd day of May, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE